VOROS, Judge
(concurring in part and concurring in the result in part):
118 I concur in the majority except for paragraphs 8 through 15. I see no need to distinguish State v. Hales, 2007 UT 14, 152 P.3d 321, where Gerber's opening brief offers virtually no record support for her ineffective assistance of counsel claim. As the State rightly notes, Gerber's inadequate investigation claim rests on one broad citation to the entire record on appeal along with just three specific citations to the record-one to the prosecutor's opening statement, one to a minute entry for review hearing, and one to a minute entry on motion for new trial. With such sparse references to the record, none of which even relate to counsel's pre-trial investigations, Gerber's claim eannot overcome the "strong presumption" that trial counsel made reasonable investigations or reasonably determined that further investigations were unnecessary. Strickland v. Washington, 466 U.S. 668, 689, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
19 "An inadequately briefed claim is by definition insufficient to discharge an appellant's burden to demonstrate trial court error." Simmons Media Group, LLC v. Waykar, LLC, 2014 UT App 145, ¶ 37, 335 P.3d 885 (citation omitted). To be adequately briefed, an argument must contain citations to the "parts of the record relied on." Utah R.App. P. 24(a)(9). Because Gerber's inadequate investigation claim contains no relevant citations to the parts of the record relied on, it is inadequately briefed and consequently insufficient to discharge her burden on appeal.
120 I would therefore reject Gerber's claim on this basis and otherwise join the majority in affirming Gerber's convictions.